**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

RAFAEL RIOS-CRUZ,

    Plaintiff,

       v.                                        Civ. No. 06-1263 (PG)

DEPARTAMENTO DE LA FAMILIA, ET AL.,

    Defendants.

## ORDER

On March 13, 2006, plaintiff filed his complaint. Seeing that four months had passed and plaintiff had not moved the case forward, the Court ordered him to show cause by August 16, 2006 why the case should not be dismissed for lack of prosecution.

Two days past the deadline, plaintiff filed what he titled as a Motion in Compliance with Order. The contents of the motion are a series of confusing and puzzling arguments that did not comply with the Court's order. Plaintiff did claim that all parties had been served as required by law. (Docket No. 5 at 2.)

The record does not reflect, however, that summons had in fact been served. Defendants somehow found out about the case as evidenced by their Motion to Dismiss for Lack of Jurisdiction and Prosecution filed on October 2, 2006. (Docket No. 6.)  There defendants argued that as of that date, it did not appear that summons had been issued nor executed upon defendants. Having the one hundred and twenty day period expired, they moved to dismiss the case pursuant to Fed.R.Civ.P. 4(m).  Plaintiffs did not file an opposition to defendants' motion.

Because plaintiff is appearing pro se, the Court gave him one more chance. The Court ordered him on October 19, 2006 to serve summons on defendants pursuant to the Rules of Civil Procedure and file the summons returned executed.  Plaintiff was granted thirty (30) days to do so.  He was further warned that failure to comply with the court's order would result in the dismissal of the case with prejudice. The follow-up deadline was set for November 20, 2007.  As of today, plaintiff has not complied with the Court's order and neither has he filed a motion indicating why.

Civ. No. 06-1263 (PG)                                                    Page 2

The Court has a responsibility of achieving "the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Federal Rule of Civil Procedure 41(b) states in pertinent part: "Involuntary Dismissal: Effect Thereof: For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). Plaintiff's willful abandonment of his claim has created undue delay not only as to the defendant in this case, but also for this Court's already congested docket.

Pursuant to this "court's... unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," the Court dismisses this case against the defendants with prejudice. Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998); see also HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1998).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, December 6, 2006.

                                         S/JUAN M. PEREZ-GIMENEZ
                                         U. S. DISTRICT JUDGE